UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROBERT WELCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:15CV00042 AGF |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Robert Welch was not disabled, and, thus, not entitled to Supplemental Security Income under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f, or disability insurance benefits under Title II of the Act. For the reasons set forth below, the decision of the Commissioner will be reversed and the case remanded for further development of the record.

## BACKGROUND

Plaintiff, who was born on February 19, 1967, filed his applications for benefits on August 10, 2012, alleging a disability onset date of August 23, 2007 (when he was 40½ years old), due to degenerative disc disease, a shoulder disorder, restless leg syndrome, kidney disease, and depressive disorder. After Plaintiff's application was denied at the initial administrative level, he requested a hearing before an Administrative Law Judge ("ALJ"). Such a hearing was held on November 21, 2013. By decision dated January 22,

2014, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform certain jobs that were available in the national economy, and was thus not disabled under the Act. Plaintiff's request for review by the Appeals Council of the Social Security Administration was denied on April 20, 2015. Plaintiff has thus exhausted all administrative remedies and the ALJ's decision stands as the final agency action now under review.

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence in the record because the ALJ did not have any evidence from a medical source that specifically addressed Plaintiff's work-related limitations and abilities. Plaintiff argues that the ALJ improperly gave significant weight to the opinion of a consulting physician, and improperly rejected statements from two treating sources as constituting issues reserved for the ALJ. Plaintiff also argues that while the ALJ described the medical record, he failed to provide a proper narrative describing how the medical evidence supported the ALJ's physical RFC conclusions. Plaintiff asks that the ALJ's decision be reversed and the case remanded for the ALJ to obtain evidence from a medical professional that addresses Plaintiff's RFC.

**Medical Record and Evidentiary Hearing**

The Court adopts Plaintiff's unopposed Statement of Facts (Doc. No. 12-1) as supplemented by Defendant's unopposed Statement of Additional Material Facts (Doc. No. 15-2). Together, these facts present a fair and accurate summary of the medical record and testimony at the evidentiary hearing. The Court will discuss specific facts as

they are relevant to the parties' arguments.

**<u>ALJ's Decision Under Review</u>**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, and that he had the severe impairments of degenerative disc disease, a shoulder disorder, restless leg syndrome, kidney disease, and depressive disorder, but that none of these impairments, individually or in combination, met the requirements of a deemed-disabling impairment listed in the Commissioner's regulations. The ALJ found that Plaintiff had the RFC to lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently; stand and/or walk 30 minutes at a time for a total of 4 hours out of an 8 hour workday; sit 30 minutes at a time for a total of 4 hours out of an 8 hour workday; occasionally climb ramps or stairs, balance, stoop, kneel, and crouch; frequently reach and handle; and understand, remember, and carry out simple instructions working in a non-public setting where interaction with the general public would be limited to frequent interaction over the telephone.   (Tr. at 15).

The ALJ described Plaintiff's extensive history of treatment for degenerative disc disease and bilateral shoulder pain, and acknowledged that Plaintiff continued to experience pain, tenderness, and some neuropathic symptoms, despite Plaintiff's course of pain management, which included medication; periodic epidural, sacroiliac joint, and shoulder steroid injections; and home exercises.   But the ALJ pointed to Plaintiff's pain management treatment provider who observed in August 2012 and September 2013 that, with medications, Plaintiff's pain continued to remain at a "manageable level," with no

adverse side effects (Tr. at 414, 439), and physical examinations in July and August 2012 (Tr. at 412, 336), that reported "no acute distress" and normal gait.

In sum, the ALJ found that Plaintiff's statements regarding the disabling effects of his impairments were not "fully credible" in that the medical record showed only limitations addressed in the RFC. The ALJ stated that in making his RFC determination, he accorded "significant weight" to the February 14, 2013 opinion of State agency medical consultant Mary Rees, M.D., who, according to the ALJ stated that "the evidence did not establish disability." In fact, Dr. Rees stated that the medical evidence in the file was "insufficient to determine Plaintiff's functionality and severity of impairments [from the alleged onset date]." She further noted that Plaintiff may have had some work activity since his alleged onset date, so she was "unable to make a fully favorable determination," and referred the claim back to the Office of Disability Adjudication and Review. (Tr. at 422).

The ALJ found it "notable" that in August 2012, "staff from the Columbia Interventional Pain Clinic declined [Plaintiff's] request for them to complete a functional capacity form." (Tr. at 19.) He also stated that he afforded "little weight" to the August 2012 treatment note from Julia Halsey, M.D., that Plaintiff had "a pretty good chance" with respect to an application for disability, because he could not "go back to doing heavy construction work or heavy equipment operation due to many problems in his spine and chronic pain" (Tr. at 329); and "little weight" to the December 2007 treatment note from Michael Acuff, M.D., that Plaintiff "had a reason for disability with some multiple injuries

4

and physical impairment" (Tr. at 479). The ALJ believed that these opinions addressed matters reserved to the ALJ's determination, and were thus "not entitled to controlling weight or given special significance." (Tr. at 19.)

Because the RFC included non-exertional limitations, the ALJ elicited the testimony of a vocational expert ("VE") to determine whether there were jobs a person with Plaintiff's RFC and vocational factors (age, education, and work experience) could perform. The ALJ looked to the VE's testimony and relied thereon in concluding that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. The ALJ accordingly concluded that Plaintiff was not disabled under the Social Security Act.

## DISCUSSION

### Standard of Review and Statutory Framework

In reviewing the denial of Social Security disability benefits, a court "must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole." *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "'may not reverse . . . merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted).

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12

5

months.  42 U.S.C. § 423(d)(1)(A).  The Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability.  The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity.  If so, benefits are denied.  If not, the Commissioner decides whether the claimant has a severe impairment or combination of impairments.  A special technique is used to determine the severity of mental disorders.  This technique calls for rating the claimant's degree of limitations in four areas of functioning: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.  *Id*. § 404.1520a(c)(3).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is equal to one of the deemed-disabling impairments listed in the Commissioner's regulation.  If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work.  A disability claimant's RFC is the most he can still do despite his limitations.  20 C.F.R. § 404.1545(a)(1).  In *McCoy v. Schweiker*, 683 F.2d 1138 (8th Cir. 1982) (en banc), *abrogated on other grounds*, 524 U.S. 266 (1998), the Eighth Circuit defined RFC as the ability to do the requisite work-related acts "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world."  *Id*. at 1147.

If the claimant can perform his past work, the claimant is not disabled.  If he cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner

to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors—age, education, and work experience. *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). When nonexertional limitations significantly affect a claimant's ability to work, an ALJ is required to consult a VE and cannot rely on the Medical-Vocational Guidelines to meet this burden. *Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006); *Reynolds v. Chater*, 82 F.3d 254, 258–59 (8th Cir. 1996).

**Evidence Relied Upon by the ALJ in Determining Plaintiff's RFC**

Plaintiff argues that the ALJ failed to provide a proper narrative discussion explaining how the medical evidence supported a conclusion that Plaintiff could stand for 30 minutes at a time and 4 hours of 8, lift 20 pounds, and "sit without breaks." (Doc. No. 12 at 2, 3, 10.) Plaintiff argues that the medical evidence, in fact, reflects greater physical limitations. Plaintiff also faults the ALJ for misconstruing Dr. Rees's report and giving it "significant weight." He also argues that the opinions of treating sources Dr. Halsey and Dr. Acuff, suggesting that Plaintiff was a good candidate for disability benefits, deserved more weight than the ALJ gave them, and that without these two reports, there is no medical opinion addressing Plaintiff's physical abilities.

The Court first notes that the ALJ found that Plaintiff could lift 20 pounds only occasionally, and could sit for only 30 minutes at a time. Thus Plaintiff exaggerates the physical abilities the ALJ attributed to Plaintiff. The Court next concludes that there was no error in giving little weight to Dr. Halsey and Dr. Acuff's statements suggesting that

Plaintiff was a good candidate for disability benefits. As the ALJ noted, these comments were on an issue reserved for the Commissioner. *See, e.g., House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007) ("A treating physician's opinion that a claimant is disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination."). Moreover, Dr. Halsey only opined that Plaintiff could not return to his past work in heavy construction, a finding the ALJ also made.

"Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, ___ F.3d ___, No. 15-2829, 2016 WL 3878219, at *3 (8th Cir. July 18, 2016) (citing *Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) (affirming the ALJ's RFC without medical opinion evidence), and *Perks v. Astrue*, 687 F.3d 1086, 1092-93 (8th Cir. 2012) (same)).

The Court believes that here a close question is presented because the ALJ did point to evidence in the medical record that could be seen as supporting the RFC determination. But the Court believes that the combination of the evidence of Plaintiff's significant pain, the absence of a medical opinion addressing Plaintiff's ability to do work-related activities, and the "significant weight" the ALJ gave Dr. Rees's February 14, 2013 report, warrants remand for further development of the record. As noted above, Dr. Rees did not offer an opinion of no disability, but rather stated that based on the record

before her, she could not reach such an opinion. The Court cannot conclude, based on the record, that the ALJ would have reached the conclusions he did had he construed Dr. Rees's report correctly.

Thus, the Court believes that the case must be remanded with directions that the Commissioner obtain the opinion of a medical expert with respect to Plaintiff's physical RFC, and based on that opinion and the record as a whole, determine whether further testimony by a VE is required to determine whether Plaintiff is disabled under the Act.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and the case **REMANDED** for further development of the record and a new decision by the Commissioner.

A separate Judgment will accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2016